UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| Yesica Paola Delvalle, | Case No. 24-12464-AMC |
| | Chapter 13 |
| *Debtor*. | |

**Motion to Expedite Hearing**

Debtor Yesica Paola Delvalle, through her attorney, moves this Court as follows:

1. The Debtor filed this case under chapter 13 on July 17, 2024.

2. The Debtor has filed a plan and all schedules, statements, and other documents required by 11 U.S.C. §521(a)(1) and Fed. R. Bankr. P. 1007(b).

3. Because the Debtor was involved in one active bankruptcy case in the one year before the case was filed, the automatic stay is set to expire on August 16, 2024. 11 U.S.C. § 362(c)(3)(A).

4. The Debtor filed a Motion to Extend the Automatic Stay (the "Substantive Motion") on August 1, 2024.

5. Due to a misunderstanding, the Debtor's attorney did not file the Substantive Motion in time for the motion to be heard before August 16 through the Court's ordinary hearing calendar.

6. If the Substantive Motion is not heard before August 16, creditors will be able to take legal action against the Debtor, which would cause her immediate and irreparable harm.

7. The Debtor herself bears no responsibility for the misunderstanding that gave rise to these circumstances. The Debtor's attorney understands that motions to extend the stay must be filed in time for a hearing within thirty days, accepts responsibility for this situation, and will take care to ensure that it does not happen in the future.

8. The Debtor requests that the Court schedule an expedited hearing on the Substantive Motion for August 14, 2024, at 10:00 a.m. under Local Bankr. R. 5070-1(g).

9. Prior to filing the instant Motion, the Debtor consulted with Ann Swartz, attorney for the chapter 13 standing trustee. Ms. Swartz informed the Debtor that Trustee does not oppose the Substantive Motion being heard on August 14. The Debtor did not consult with anyone else because no other parties have entered appearances in this case.

10. Because the requested hearing date does not provide creditors and interested parties the fourteen-day notice of hearing that is required under Local Bankr. R. 9014-3(h), the Debtor intends to ask the Court at the hearing to enter a "bridge order" that would extend the automatic stay until a continued hearing date that will enable the Debtor to provide sufficient notice.

11. The relief that the Debtor intends to request at the hearing is consistent with the underlying principles of Fed. R. Civ. P. 65(b)(1):

(a) Because the Debtor's home may be sold at sheriff sale, the Debtor may suffer immediate and irreparable harm that cannot be remedied by monetary damages alone.

(b) Because the Substantive Motion demonstrates positive changing circumstances showing this case was filed in good faith, the Court is likely to grant the Substantive Motion after a hearing with proper notice.

(c) The potential for harm to the Debtor far outweighs any potential harm to creditors or interested parties because the harm that the Debtor may experience is not reversable.

For those reasons, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: August 2, 2024

CIBIK LAW, P.C.
*Attorney for Debtor*

By: _____
Mike Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com

3

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: August 2, 2024

_____
Mike Assad